**PETER C. ANDERSON**
**UNITED STATES TRUSTEE**
Ken Misken, CA SBN: 349167
Assistant United States Trustee
Brian D. Fittipaldi, CA SBN: 146864
Trial Attorney
**OFFICE OF THE UNITED STATES TRUSTEE**
1415 State Street, Suite 148
Santa Barbara, California 93101
Telephone: (805) 957-4100
E-mail: brian.fittipaldi@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| **In re**<br><br>**HOVHANNES NAZARYAN,**<br><br>**Debtor.**<br>___<br>**UNITED STATES TRUSTEE, REGION 16,**<br><br>**Plaintiff.**<br><br>**vs.**<br><br>**HOVHANNES NAZARYAN,**<br><br>**Defendant.** | **Case No. 1:25-bk-10617-MB**<br><br>**Adversary Proc. No.:**<br><br>**Chapter 7**<br><br>**COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2), 727(a)(3), 727(a)(4), 727(a)(5), and 727(a)(6)** |

Plaintiff, the United States Trustee ("U.S. Trustee" or "Plaintiff"), by his undersigned counsel, brings this complaint objecting to the discharge of Hovhannes Nazaryan, pursuant to 11 U.S.C. §§ 727(a)(2), 727(a)3), 727(a)(4), 727(a)(5), and 727(a)(6) as follows:

## JURISDICTIONAL ALLEGATIONS

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§

157 and 1334 and 11 U.S.C. § 727.[1]

2. This is a core proceeding under 28 U.S.C. § 157.

3. Venue is proper in the Central District of California under 28 U.S.C. § 1409(a), as this bankruptcy case was filed in this judicial district.

4. The U.S. Trustee has standing to seek the denial of the Debtor's discharge in this case pursuant to §§ 307 and 727(c).

## GENERAL ALLEGATIONS

5. On April 14, 2025, Hovhannes Nazaryan (the "Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code (the "Petition"). The Petition was assigned case number 1:25-bk-10617-MB, and Nancy Zamora was appointed the Chapter 7 Trustee (the "Trustee").

6. On April 14, 2025, the Defendant's bankruptcy Schedules and Statement of Financial affairs were filed. Plaintiff is informed and believes that the Defendant swore under penalty of perjury to the truth of those schedules and statements.

7. The original meeting to be held pursuant to 11 U.S.C. § 341(a) under the Bankruptcy Code was scheduled for May 14, 2025. Plaintiff is informed and believes that the Defendant was incarcerated at the time of that hearing and is incarcerated currently. The Chapter 7 Trustee attempted to obtain the Defendant's testimony on that date by making special arrangements with Defendant's counsel, but Plaintiff is informed and believes that the Defendant refused to testify. The Chapter 7 Trustee continued the meeting to June 18, 2025; July 21, 2025; and July 28, 2025. Plaintiff is informed and believes that the Defendant refused to appear at the meeting on any of those dates notwithstanding that the Chapter 7 Trustee confirmed with personnel of the Federal Bureau of Prisons that the personnel would assist Defendant to participate in the continued meeting on July 21, 2025 and July 28, 2025.

8. The Defendant's bankruptcy Schedules indicate that he owned real property at 24366

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

La Masina Court in Calabasas, California. However, the Chapter 7 Trustee never received insurance documentation for that property from the Defendant. As a result, the Chapter 7 Trustee obtained liability and hazard insurance on the property. Notwithstanding multiple requests by Trustee, the Defendant did not provide any authorization for why guests were at that property and did not confirm whether guests at that property had vacated the property and removed their personal belongings from the property.

9. The Chapter 7 Trustee requested that the Defendant provide a list of all assets not included in the original schedules. The Chapter 7 Trustee asked specifically, but without limitation, for previously undisclosed assets that may include bank accounts, vehicles, retirement funds, investment accounts, cryptocurrency, collectibles, antiques, artwork, cash and currency. The Chapter 7 Trustee has not received this information.

10. The Chapter 7 Trustee requested that the Defendant provide a detailed list of all household goods, furnishings, collectibles, antiques, artwork, clothing, shoes, and other personal property at the Calabasas property. The Chapter 7 Trustee has not received this information.

11. The Chapter 7 Trustee requested that the Defendant provide any and all real property and financial documents related to the Calabasas property and liens secured by the property. The Chapter 7 Trustee has not received this information.

12. The Chapter 7 Trustee requested that the Defendant provide five years of federal and state tax returns. The Chapter 7 Trustee has not received this information.

13. The Chapter 7 Trustee requested that the Defendant provide detailed information about, and documents related to, Defendant's purchase and subsequent sale/transfer of that certain real property located at 3351 Coldwater Canyon Avenue, Studio City, California 91604-4039. This request included all transfer deeds, escrow documents, debt secured by liens recorded against the real property, the identity and contact information for the party that transferred this property to Defendant and how that party is related to Defendant, the identity and contact information for the party to which Defendant transferred this property and how that party is related to Defendant, the identity and contact information for all title companies, escrow

companies, realtors and attorneys related to these two transfers. The Chapter 7 Trustee has not received this information.

14. The Chapter 7 Trustee requested that the Defendant provide the names and addresses of Defendant's current and former spouses, if any, and any and all petition(s) for dissolution, marital settlement agreements, and other similar documents. The Chapter 7 Trustee has not received this information.

15. The Chapter 7 Trustee requested that the Defendant provide the names, email addresses, telephone numbers, and addresses of all attorneys who have represented Defendant from 2015. . The Chapter 7 Trustee has not received this information.

16. The Chapter 7 Trustee requested that the Defendant provide the names, email addresses, telephone numbers, and addresses of all realtors Defendant has engaged since 2015. The Chapter 7 Trustee has not received this information.

17. The Chapter 7 Trustee requested that the Defendant document all transfers he has made of real and personal property, including repossessions, sales, and transfers for no value, since 2020. The Chapter 7 Trustee has not received this information.

18. The Chapter 7 inquired whether the Defendant has a safe in the Calabasas Property. The Chapter 7 Trustee has not received this information.

19. The Chapter 7 Trustee inquired whether the Defendant has a safe deposit box. The Chapter 7 Trustee has not received this information.

20. The Chapter 7 Trustee inquired whether anyone was in possession or control of any property of Defendant. The Chapter 7 Trustee has not received this information.

21. The Statement of Financial Affairs, Item 18, requires debtors to disclose all transfers made two years prior to the filing of a bankruptcy petition. The Defendant indicated "none" on his Statement of Financial Affairs regarding such transfers. However, it appears that the Defendant sold and/or transferred real property at 3351 Coldwater Canyon Avenue, Studio City,

California within one year of the filing of the bankruptcy. Records obtained by the Chapter 7 Trustee indicated that the Debtor purchased the property at 3351 Coldwater Canyon Avenue, Studio City, California 91604 for $2.6 million in late 2023 and sold it for $1,980,000 in December, 2024 with the related transfer deed recorded on January 2, 2025. That same property was listed for sale by the transferee for $3.5 million and is currently listed for sale with a listing price of $2,995,000.00. This property and this transaction were not listed on the Defendant's Schedules or Statement of Financial Affairs.

**<u>FIRST CLAIM FOR RELIEF</u>**

**[11 U.S.C. § 727 (a)(2)(A) and (B)]**

22. Plaintiff realleges the allegations set forth in Paragraphs 1 through 21 above, as though fully set forth herein.

23. Under § 727 (a)(2)(A) and (B), the Court shall not grant the debtor a discharge if:

> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed---
> (A) property of the debtor, within one year before the date of the filing of the petition; or
> (B) property of the estate, after the date of the filing of the petition.

24. Upon information and belief, the Defendant sold and/or transferred real property at 3351 Coldwater Canyon Avenue, Studio City, California, within one year of the filing of the bankruptcy. Records obtained by the Chapter 7 Trustee indicated that the Debtor purchased a property at 3351 Coldwater Canyon Avenue, Studio City, California 91604 for $2.6 million in late 2023 and sold it for $1,980,000 in December, 2024 with the transfer deed recorded on January 2, 2025. That same property was listed for $3.5 million and is currently listed for $2,995,000.00. This property and this transaction were not listed on the Defendant's Schedules or Statement of Financial Affairs.

25. Accordingly, pursuant to § 727(a)(2)(A) and (B), this Court should deny the Defendant's discharge in this case.

## SECOND CLAIM FOR RELIEF

**[11 U.S.C. § 727 (a)(3)]**

26. Plaintiff realleges the allegations set forth in Paragraphs 1 through 25 above, as though fully set forth herein.

27. Under § 727 (a)(3), the Court shall not grant the debtor a discharge if:

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

28. Upon information and belief, the Chapter 7 Trustee has asked for numerous documents from the Defendant, but has received no such documents:

a. Insurance and guest documentation for the property at 24366 La Masina Court, Calabasas, California;
b. List of all assets not included on the Schedules, including bank accounts, investment accounts and several other items:
c. List of all household goods, furnishings, and other items:
d. Real property and financial items pertaining to the Calabasas property;
e. Five years of federal and state tax returns;
f. Documentation pertaining to the property at 3351 Coldwater Canyon Avenue, Calabasas, California;
g. Names of current and former spouses;
h. Names and pertinent information of all attorneys who have represented him since 2015;
i. Information pertaining to transfers of real and personal property since 2020;
j. Information pertaining to a safe that may be on the Calabasas property;
k. Information pertaining to a potential safe deposit box;
l. Information whether any person or persons are holding property for the Defendant.

29. Upon information and belief, the Chapter 7 Trustee has not received a response to these inquiries.

30. Accordingly, pursuant to § 727(a)(3), this Court should deny the Defendant's discharge in this case.

**THIRD CLAIM FOR RELIEF**

**[11 U.S.C. § 727 (a)(4)(A)]**

31. Plaintiff realleges the allegations set forth in Paragraphs 1 through 30 above, as though fully set forth herein.

32. Under § 727 (a)(4)(A), the Court shall not grant the debtor a discharge if "the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account."

33. Upon information and belief, the Defendant sold and/or transferred real property at 3351 Coldwater Canyon Avenue, Studio City, California, within one year of the filing of the bankruptcy. Records obtained by the Chapter 7 Trustee indicated that the Debtor purchased a property at 3351 Coldwater Canyon Avenue, Studio City, California 91604 for $2.6 million in late 2023 and sold it for $1,980,000 in December, 2024 with the transfer deed for the sale recorded on January 2, 2025. That same property was listed for $3.5 million and is now listed for $2,995,000.00. This property and this transaction were not listed on the Defendant's Schedules or Statement of Financial Affairs.

34. Accordingly, pursuant to § 727(a)(4)(A), this Court should deny the Defendant's discharge in this case.

**FOURTH CLAIM FOR RELIEF**

**[11 U.S.C. § 727 (a)(5)]**

35. Plaintiff realleges the allegations set forth in Paragraphs 1 through 34 above, as though fully set forth herein.

36. Under § 727 (a)(5), the Court shall not grant the debtor a discharge if "the defendant has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the defendant's liabilities."

37. The Defendant's Schedules list one piece of real property.

38. The Statement of Financial Affairs, Item 18, requires debtors to disclose all transfers made two years prior to the filing of a bankruptcy petition. The Defendant indicated "none" on his Statement of Financial Affairs regarding such transfers.

39. Records obtained by the Chapter 7 Trustee indicated that the Debtor purchased a property at 3351 Coldwater Canyon Avenue, Studio City, California 91604 for $2.6 million in late 2023 and sold it for $1,980,000 in December, 2024 with the transfer deed recorded on January 2, 2025. That same property was listed for $3.5 million and is currently listed for $2,995,000.00. This property and this transaction were not listed on the Defendant's Schedules or Statement of Financial Affairs.

40. Upon information and belief, the Defendant has failed to explain the transfer of that asset and how such transfer did not contribute to the loss of assets or deficiency of assets to meet his liabilities.

41. Accordingly, pursuant to § 727(a)(5), this Court should deny the Defendant's discharge in this case.

**FIFTH CLAIM FOR RELIEF**

**[11 U.S.C. § 727 (a)(6)]**

42. Plaintiff realleges the allegations set forth in Paragraphs 1 through 41 above, as though fully set forth herein.

43. Under § 727 (a)(6), the Court shall not grant the debtor a discharge if

> The debtor has refused, in the case—
> (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify; .
> (B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked; or
> (C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify.

44. The original meeting to be held pursuant to 11 U.S.C. § 341(a) under the Bankruptcy Code was scheduled for May 14, 2025. Plaintiff is informed and believes that the Defendant was incarcerated at that time of that hearing and is incarcerated currently. The Chapter 7 Trustee

attempted to obtain the Defendant's testimony on that date by making special arrangements with Defendant's counsel, but Plaintiff is informed and believes that the Defendant refused to testify. The Chapter 7 Trustee continued the meeting to June 18, 2025; July 21, 2025; and July 28, 2025. Plaintiff is informed and believes that the Defendant refused to appear at the meeting on any of those dates notwithstanding that the Chapter 7 Trustee confirmed with personnel of the Federal Bureau of Prisons that the personnel would assist Defendant to participate in the continued meeting on July 21, 2025 and July 28, 2025.

45. The Defendant apparently refuses to testify at a duly noticed meeting of creditors pursuant to 11 U.S.C. §341(a).

46. Accordingly, pursuant to § 727(a)(6), this Court should deny the Defendant's discharge in this case.

WHEREFORE, Plaintiff prays for judgement as follows:

A. For an order denying Defendant's discharge, pursuant to §§ 727(a)(2), 727(a)(3), 727(a)(4), 727(a)(5) and 727(a)(6);

B. For costs of suit; and

C. For such other and further relief as this Court deems just and proper.

DATED: September 12, 2025

UNITED STATES TRUSTEE

*/s/ Brian D. Fittipaldi*
Brian D. Fittipaldi
Attorney for the U.S. Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled (*specify*): **COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2), 727(a)(3), 727(a)(4), 727(a)(5), and 727(a)(6),** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **9/12/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **9/12/2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **N/A**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 9/12/2025 | Veronica M. Hernandez | */s/ Veronica M. Hernandez* |
| *Date* | *Printed Name* | *Signature* |

## SERVICE LIST FOR PROOF OF SERVICE

**SERVED ELECTRONICALLY**

Brian D Fittipaldi brian.fittipaldi@usdoj.gov
Raymond H. Aver ray@averlaw.com, averlawfirm@gmail.com;ani@averlaw.com;katya@averlaw.com;jesus@averlaw.com
Sanaz Sarah Bereliani berelianilaw@gmail.com, chris@berelianilaw.com;r48595@notify.bestcase.com
Michael G D'Alba mgd@lnbyg.com
Shannon A Doyle sdoyle@ghidottiberger.com, bknotifications@ghidottiberger.com
Eryk R Escobar eryk.r.escobar@usdoj.gov
Anita Khachikyan ak@khachlaw.com
Elan S Levey elan.levey@usdoj.gov, usacac.tax@usdoj.gov;caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
Bruce P. Needleman attybpn@aol.com
Nancy J Zamora (TR) zamora3@aol.com, nzamora@ecf.axosfs.com

**SERVED BY U.S. MAIL**

United States Bankruptcy Court
1415 State Street
Santa Barbara, CA 93101

SLBiggs
10960 Wilshire Blvd., Ste. 1100
Los Angeles, CA 90024

Hovhannes Nazaryan
24366 La Masina Court
Calabasas, CA 91302